FILED
IN CLERKS OFFICE

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

2026 JAN 30  PM 2: 20

# UNITED STATES DISTRICT COURT

### for the

### District Of Massachusetts

District of

### Massachusetts

Division

### Eastern Division

| | |
|---|---|
| Matthew J. Bouchard, III | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No.

*(to be filled in by the Clerk's Office)*

**Plaintiff(s)**
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

### Christopher R. Ross

Jury Trial: *(check one)*  ☒  Yes  No

### Brandon Sanders

### Town of Barnstable

**Defendant(s)**
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### (Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

| I. | | The Parties to This Complaint |
|---|---|---|

**A.**  **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| Name | Matthew J. Bouchard | | |
|---|---|---|---|
| Address | 13 Woodridge road | | |
| | East Sandwich | Ma | 02537 |
| | *City* | *State* | *Zip Code* |
| County | Barnstable county, Ma | | |
| Telephone Number | 774-205-0447 | | |
| E-Mail Address | Mbutchard321@gmail.com | | |

**B.**  **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

| Defendant No. 1 | | | |
|---|---|---|---|
| Name | Christopher R. Ross | | |
| Job or Title *(if known)* | Sargeant, Barnstable Police officer | | |
| Address | Barnstable Police Department 1200 Phinneys ~~butle~~ Lane | | |
| | Hyannis | Ma | 02537 |
| | *City* | *State* | *Zip Code* |
| County | Barnstable, Ma County | | |
| Telephone Number | 508-775-0387 | | |
| E-Mail Address *(if known)* | | | |

☒ Individual capacity  ☒ Official capacity

| Defendant No. 2 | | | |
|---|---|---|---|
| Name | Brandon Sanders | | |
| Job or Title *(if known)* | Barnstable Police officer | | |
| Address | 12 Phinneys lane | | |
| | Hyannis | Ma | 02537 |
| | *City* | *State* | *Zip Code* |
| County | Barnstable County, Ma | | |
| Telephone Number | 508-775-0387 | | |
| E-Mail Address *(if known)* | | | |

☒ Individual capacity  ☒ Official capacity

| Defendant No. 3 | | | |
|---|---|---|---|
| Name | Town of ~~Barnstable~~ Barnstable | | |
| Job or Title *(if known)* | Municipal Government | | |
| Address | 367 Main Street | | |
| | Hyannis | Ma | 02601 |
| | *City* | *State* | *Zip Code* |
| County | Barnstable County, Ma | | |
| Telephone Number | 508-862-4610 | | |
| E-Mail Address *(if known)* | | | |

| | | Individual capacity | ☒ Official capacity |
|---|---|---|---|

**Defendant No. 4**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Address | |

| | City | State | Zip Code |
|---|---|---|---|
| | | | |

| | |
|---|---|
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

| | | Individual capacity | Official capacity |
|---|---|---|---|

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

| | | Federal officials (a *Bivens* claim) |
|---|---|---|
| | ☒ | State or local officials (a § 1983 claim) |

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

first Amendment, fourth Anendment, fourteenth Amendment

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

At all relevant times, defendants were acting under color of law, State, in their official capacities as town of Barnstable Police officers and municipal officials

## III.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   Where did the events giving rise to your claim(s) occur?

Barnstable, Ma (including Hyannis, Ma)

B.    What date and approximate time did the events giving rise to your claim(s) occur?

11/22/2023 through December 29, 2025, including dismissal on 10/22/2024 and expungement granted August 7, 2025 but not destroyed until December 29, 2025

C.    What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)

Plaintiff was charged by barnstable police without probable cause in retaliation for protected conduct. The case was later dismissed. Although the court granted expungement, Defendants and related agencies failed to destroy the records as required by law, forcing Plaintiff to personally intervene with probation and state records agencies to correct the error month later.

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Plaintiff suffered emotional distress, ~~reputational~~ reputational harm, loss of oppertunities, and ongoing stress and administrative burden caused by the unlawful prosecution and prolonged existance of records that should have been expunged in October 7th, not December 29, 2025.

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Plaintiff seeks compensatory damages, punitive damages, declatory damages and relief, costs, and such other relief as the court deems just and proper.

**VI.**     **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.**     **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

| Date of signing: | | | 1/30/2026 | |
|---|---|---|---|---|
| Signature of Plaintiff | | | | |
| Printed Name of Plaintiff | | MaHhcW John Bouchard, III | |

**B.**     **For Attorneys**

| Date of signing: | | | |
|---|---|---|---|
| Signature of Attorney | | | |
| Printed Name of Attorney | | | |
| Bar Number | | | |
| Name of Law Firm | | | |
| Address | | | |
| | City | State | Zip Code |
| Telephone Number | | | |
| E-mail Address | | | |

Page of 6

FILED

2026 JAN 30 PM 2:20

# UNITED STATES DISTRICT COURT
## District of Massachusetts
### Eastern Division

| | |
|---|---|
| **Plaintiff[s],** | ) Civil Action No. _____ |
| | ) |
| **Matthew J. Bouchard, III.** | ) |
| | ) **[COMPLAINT FOR VIOLATION OF** |
| **v.** | ) **CIVIL RIGHTS (42 U.S.C. § 1983]** |
| | ) |
| **Defendant[s],** | ) |
| | ) |
| **Christopher R. Ross** | ) |
| **Brandon Sanders** | ) |
| **Town of Barnstable.** | ) |
| | ) |
| | ) |

Dated this _30_ day of _January_,2026.

## I. Jurisdiction and Venue

1. This action arises under 42 U.S.C. § 1983 and the Constitution of the Unites States.

2. This Court has Jurisdiction under 28 U.S.C. §§ 1331 and 1334.

3. Venue is proper in this District because the events occurred in Barnstable County, Massachusetts.

## II. Parties

4. Plaintiff, Matthew J. Bouchard, III, is a resident of Barnstable County, Massachusetts.

TITLE
PAGE _1_ OF _7_

5. Defendant, Christopher R. Ross is a Sergeant with the Barnstable police Department.

6. Defendant, Brandon Sanders is an Officer with the Barnstable Police Department.

7. Defendant Town of Barnstable is a municipal entity…

## III. Statement of Facts

8. Plaintiff was at all relevant times a private citizen and not on probation, not under supervision, and had no open criminal cases.

9. Plaintiff has had prior interaction with the Barnstable District Court and its probation department in unrelated matters, and is familiar with the distinction between being under court supervision and being a private citizen with no open cases.

10. At all times relevant to the events described in this complaint, Plaintiff was not the subject of any investigation, was not a defendant or witness in any pending proceeding, and was not subject to any court orders.

11. The events described below arose entirely from Plaintiff's exercise of ordinary, lawful speech and from Defendants' misuse of the criminal process.

12. At no point before the criminal charge described below did any court, probation officer, or law enforcement officer inform Plaintiff that he was restricted from speaking, posting online, or expressing opinions about the Barnstable police Department.

TITLE PAGE 2 OF 7

## IV. The Social Media Post and Criminal Charge

13. In or about late 2023, Plaintiff made a comment on social media on the Barnstable Police Department Facebook page.

14. The comment constituted pure speech. It was not an in-person interaction, not a physical act, not a threat, and not directed at any ongoing investigation or court proceeding.

15. At the time of the post, Plaintiff was not interfering with any investigation, probation matter or court proceeding.

16. Defendant Sergeant Christopher R. Ross of the Barnstable police Department sought and applied for a criminal complaint against Plaintiff, naming Defendant Officer Brandon Sanders as the alleged victim.

17. On or about December 7, 2023, a criminal complaint was issued, and Plaintiff was arraigned in Barnstable District Court.

18. The charge alleged "intimidation" or "interference" despite the fact that:

   - Plaintiff had no open cases
   - Plaintiff was not on probation
   - Plaintiff was not a party or witness in any proceeding
   - There was no investigation being interfered with
   - The conduct alleged was speech only.

## V. Dismissal for Lack of Probable Cause

TITLE
PAGE 3 OF 7

19. on or about October 22, 2024, the case was heard by Judge Wright in Barnstable District Court.

20. The Court dismissed the felony charge, finding that there was no probable cause to support the criminal complaint.

21. The Court's ruling confirmed that the charge should have never been brought in the first place.

## VI. Expungement Proceedings

22. After the dismissal, Plaintiff file a Petition for Expungement pursuant to G.L. c. 276, § 100K.

23. On or about August 6, 2025, the Barnstable District Court ALLOWED the Petition for the § 100K Expungement and ordered that the case be Expunged and destroyed.

24. Under Massachusetts law and the Court's notice, the record was required to be permanently destroyed within 60 days, which meant on or about October 6, 2025.

## VII. Failure to Carry out the G.L. c. 276, § 100K Expungement Order

25. Despite the Court's Expungement order, the record was not destroyed by the required deadline and continued to exist within court and probation record systems.

26. Plaintiff later learned that the G.L. c. 276, § 100K Expungement had not been properly carried out.

TITLE
PAGE 4 OF 7

27. As a result, Plaintiff personally went to the Barnstable District Court Probation Department to address the failure to comply with the Court's G.L. c. 276, § 100K Expungement order.

28. While physically present at the Barnstable District Court Probation Department, Plaintiff used his own cellular telephone to contact the appropriate state records authority, including the Department of Criminal Justice Information Services (DCJIS) in Boston, by calling its public records office at (617-727-5300) -, and personally coordinated and orchestrated the correction and removal of the record.

29. Plaintiff himself was forced to orchestrate the enforcement of a G.L. c. 276, § 100K court order that should have been automatically carried out by the government.

30. At no point should a private citizen be required to personally manage, supervise, or enforce compliance with a judicial G.L. c. 276, § 100K Expungement order.

31. The burden of fixing the government's failure was improperly shifted onto Plaintiff.

32. The record was not finally corrected until on or about December 29, 2025, months after it was legally required to have been destroyed.

## VIII. Ongoing Harm

33. As a result of these events, Plaintiff suffered:
    - Stress and anxiety;
    - Loss of confidence in the integrity of the court and probation systems;

TITLE
PAGE 5 OF 7

- Fear that illegal or Expunged records could continue to exist in government databases;
- Continued harm from a case that a Judge had already ruled should never have existed.

## IX. Constitutional Implications

34. The original charged was based solely on Plaintiff's protected speech.

35. The charge did not meet the elements of the statute and could not legally apply to Plaintiff.

36. The prosecution and resulting recordkeeping failures therefore constituted retaliation for protected speech, seizure and prosecution without probable cause.

## X. Summary

37. Plaintiff was charged without legal basis, forced to defend a case that never should have existed, vindicated by a judge, forced to seek G.L. c. 276, § 100K Expungement, then forced to personally enforce compliance with a court order, and subjected to systemic administrative failure even after prevailing.

38. Defendant's actions and omissions violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution and caused Plaintiff substantial harm.

## XI. Prayer for Relief

39. Wherefore, Plaintiff respectfully requests that this Court enter judgement in his favor and against Defendants, and grant the following relief:

TITLE
PAGE 6 OF 7

A. Declare that Defendants' actions and omissions violated Plaintiff's violated plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution;

B. Award compensatory damages in an amount to be determined at trial;

C. Award punitive damages against the individual Defendants for there willful and reckless conduct;

D. Award Plaintiff costs of suit and any allowable fees;

E. Grant such other and further relief as this Court deems just and proper.

## XII. Jury Demand

40. Plaintiff hereby demands a trial by jury on all issues so triable.

## XII. Respectfully Submitted'

41. Signature

Matthew J. Bouchard, III, _____

13 Woodridge Road

East Sandwich, MA, 02537

Email: mbutchard321@gmail.com

Telephone: 774-205-0447

Plaintiff, Pro Se

TITLE PAGE 7 OF 7